IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AUGUSTINE HERNANDEZ CRUZ,<br>　　Movant, | :: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:11-CR-0261-SCJ-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| 　　Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:13-CV-1843-SCJ-RGV |

**FINAL REPORT AND RECOMMENDATION**

This matter is currently before the Court on movant Augustine Hernandez Cruz's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 48], the government's response, [Doc. 53], Cruz's motion for default judgment, [Doc. 54], and the government's opposition to Cruz's motion for default judgment, [Doc. 55]. Because "a default judgment is not contemplated in habeas corpus cases," Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987), the undersigned **RECOMMENDS** that Cruz's motion for default judgment, [Doc. 54], be **DENIED**. Additionally, for the reasons stated below, the undersigned **RECOMMENDS** that Cruz's § 2255 motion be denied.

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned an indictment charging Cruz with illegally reentering the United States after having previously been deported and removed, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). [Doc. 1]. Represented by Thomas L. Hawker of the Federal Public Defender Program, Inc., Cruz pleaded guilty without a plea agreement. [Docs. 20; 37]. According to the presentence investigation report ("PSR"), Cruz, a citizen of Mexico, was removed from the United States on September 5, 2002, and October 8, 2009. [PSR ¶¶ 6, 9, 11]. Additionally, immigration officials encountered Cruz at the United States border on October 5 and 7, 1999, and October 3, 2002, and returned him to Mexico each time. [Id. ¶¶ 7-8, 10]. Cruz also has a June 19, 2001, conviction for possession with intent to distribute marijuana in the Superior Court of Cobb County. [Id. ¶¶ 9, 24]. The instant case involves Cruz's illegal reentry into the United States on or about January 22, 2011. [Id. ¶ 6]. For this offense, the Court sentenced Cruz to forty-six months of imprisonment followed by three years of supervised release. [Doc. 29].

Cruz, still represented by Hawker, filed a direct appeal, arguing, in pertinent part, that "the district court's imposition of three years of supervised release is procedurally and substantively unreasonable, because U.S.S.G. § 5D1.1(c), as a

default, advises against its imposition." United States v. Cruz, 482 F. App'x 528, 531 (11th Cir. 2012) (per curiam). In rejecting this argument, the Eleventh Circuit, in dicta, stated that "[t]hough as a default the guidelines state that deportable aliens should not receive supervised release, its imposition was not unreasonable here, given Cruz's history of multiple attempted entries and illegal entries." Id. at 531. On July 27, 2012, the Eleventh Circuit affirmed Cruz's sentence. Id.

On May 30, 2013, Cruz timely filed this pro se § 2255 motion, arguing that he received ineffective assistance of counsel when counsel (1) momentarily supported the imposition of supervised release at sentencing despite § 5D1.1(c)'s advice against imposing supervised release for defendants who are likely to be deported after imprisonment and (2) failed to request a downward variance under 18 U.S.C. § 3553(a) based on disparity in sentencing between this district and fast-track districts. [Doc. 48 at 2-8]. As part of ground two, Cruz also argues that the Department of Justice's January 31, 2012, memo regarding fast-track programs requires that he be granted a downward variance. [Id. at 9-10] see also www.justice.gov/dag/fast-track-program.pdf (last visited Oct. 22, 2013). The government responds that counsel's initial support for supervised release was part of a reasonable litigation strategy and that Cruz has not shown any resulting prejudice,

3

that fast-track sentencing disparities are not an appropriate basis for a downward variance and that Cruz has not shown prejudice, and that the fast-track memo was issued after Cruz was sentenced and, in any event, does not entitle him to a downward variance. [Doc. 53 at 1-3, 10-15].

## II. DISCUSSION

### A. Legal Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is

warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-pronged, but a court need not address both prongs "if the defendant makes an insufficient showing on one." Id. at 697. First, a defendant asserting a claim of ineffective assistance of counsel must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) (citation omitted) ("We also should always presume strongly that counsel's performance was reasonable and adequate. . . ."). Counsel is not incompetent so long as the particular approach taken could be considered sound strategy. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc); see also Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) ("[A] petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden.").

In order to meet the second prong of Strickland, a petitioner must demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. In order to demonstrate prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

### B.   Ground One: Counsel's Position on Supervised Release

In ground one, Cruz challenges the following statement made by his attorney during sentencing,

> . . . We won't argue against supervision here, even though that's recommended against, . . . I have confidence in saying that supervision three years or however many is absolutely appropriate because I don't think it's going to even be an issue for him in the future.

[Doc. 38 at 14-15; Doc. 48 at 3]. Cruz contends that this statement amounted to ineffective assistance because U.S.S.G. § 5D1.1(c) states that "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be

deported after imprisonment." [Doc. 48 at 3, 5]. Cruz contends that had counsel argued that supervised release was not warranted based on § 5D1.1(c), the Court would not have sentenced him to three years of supervised release. [Id. at 3-5].

Cruz cannot show prejudice on this ground. At sentencing, the government advised the Court that the sentencing guidelines do not recommend supervised release for deportable aliens such as Cruz, but argued that, given Cruz's "immigration history and the numerous returns" and his prior drug trafficking offense, supervised release was appropriate to deter him from attempting to reenter the United States and to protect the public. [Doc. 38 at 25]. The government's argument is supported by application note 5 to § 5D1.1, which states that "[t]he court should . . . consider imposing a term of supervised release . . . if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances" of the case. U.S.S.G. § 5D1.1, comment. (n.5).

The Court found that "the government made a very good point" and imposed supervised release, noting that Cruz had numerous opportunities to stay out of the United States and take his family back to Mexico, but did not do so. [Doc. 38 at 28]. Had counsel reiterated the § 5D1.1(c)'s advice against supervised release for deportable aliens, it is likely that the outcome would have remained the same in light

AO 72A
(Rev.8/82)

of Cruz's history of illegal reentry. See Cruz, 482 F. App'x at 531 (finding, in dicta, that the imposition of supervised release "was not unreasonable . . . given Cruz's history of multiple attempted entries and illegal entries"). Therefore, ground one fails because Cruz has not shown prejudice. See Strickland, 466 U.S. at 694.

### C. Ground Two: Counsel's Failure to Seek a Downward Variance Based on an Alleged Sentencing Disparity and the Fast-Track Memo

In ground two, Cruz argues that counsel provided him ineffective assistance by failing to seek a downward variance under 18 U.S.C. § 3553(a) based on disparity in sentencing between this district and fast-track districts and that the Department of Justice's January 31, 2012, memo regarding fast-track programs requires that he be granted a downward variance. [Doc. 48 at 6-10]. The government responds that counsel's failure to raise this disparity cannot be deemed error because it is not an appropriate sentencing consideration under § 3553(a) and that the memo, which was issued after Cruz's December 6, 2011, sentencing hearing, "plainly states that it does not create any rights, substantive or procedural, to be vindicated by Cruz." [Doc. 53 at 3, 12-15].

The Eleventh Circuit has "held that district courts are prohibited for sentencing purposes from considering the disparity created by the lack of a 'fast track' program."

United States v. Rodriquez-Tapia, 463 F. App'x 839, 842 n.2 (11th Cir. 2012) (per curiam) (citing United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (per curiam)). Because the fast-track sentencing disparity argument is meritless, counsel's failure to raise it "cannot constitute ineffective assistance of counsel." Owen v. Sec'y for Dep't of Corr., 568 F.3d 894, 915 (11th Cir. 2009) (citations omitted). Additionally, the January 31, 2012, fast-track memo states that "[i]t is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal, nor does it place any limitations on otherwise lawful litigative prerogatives of the Department." See www.justice.gov/dag/fast-track-program.pdf (last visited Oct. 22, 2013). As such, this memo does not entitle Cruz to § 2255 relief. Accordingly, ground two fails.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28

states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of Cruz's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Cruz's motion for default judgment, [Doc. 54], his 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 48], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 22ND day of <u>OCTOBER</u>, 2013.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

11